**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-2394

LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company,

     Plaintiff,

v.

AT&T CORPORATION, a New York Corporation

     Defendant/Counterclaimant.

---

## COMPLAINT

---

     Plaintiff Level 3 Communications, LLC ("Level 3" or "Plaintiff"), for its Complaint against Defendant AT&T Corporation ("AT&T"), states and alleges as follows:

### NATURE OF THE ACTION

     1.    Level 3 and AT&T are telecommunications carriers that, among other things, exchange long-distance communications.

     2.    Level 3 assesses charges to AT&T for the services it provides to facilitate this exchange of traffic on interstate communications pursuant to a tariff on file with the Federal Communications Commission ("FCC").

     3.    AT&T has knowingly refused to pay charges owed and due to Level 3. In doing so, AT&T violated the tariff as well as the Communications Act.

     4.    Level 3 brings this action to compel AT&T to pay the amounts it owes Level 3 pursuant to the tariff, along with interest, late payment charges, and costs and fees incurred to obtain the relief to which Level 3 is entitled.

## PARTIES

5.      Plaintiff Level 3 Communications, LLC is a Delaware limited liability company, with its principal place of business in Broomfield, Colorado. Level 3 is an indirect wholly owned subsidiary of Lumen Technologies, Inc. (formerly CenturyLink, Inc.), a publicly traded corporation.

6.      Defendant AT&T Corp. is a New York corporation with its principal place of business in Bedminster, New Jersey.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over the claims in this civil action rising from AT&T's violation of the federal interstate tariff filed with the FCC and its violations of the Communications Act, 47 U.S.C. § 151 *et. seq.* pursuant to 28 U.S.C. § 1331.

8.      This Court has specific personal jurisdiction over AT&T because AT&T engaged in the transmission of interstate communications to and from end users of Level 3 in the state of Colorado, sent payment and dispute notices to Level 3 in the state of Colorado, and withheld payment it was required to send to Level 3 in Colorado, such that this action rises out of AT&T's contacts in the state of Colorado. The Court also has general personal jurisdiction over AT&T because its presence and operations in the state of Colorado, including in particular its participation in the transmission of interstate communications to and from Colorado, are such that it has continuous and systematic contacts with this state.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these counterclaims occurred in this district.

## ALLEGATIONS OF FACT

10.     Level 3 is, among other things, a competitive local exchange carrier ("CLEC"), and as such operates as a common carrier engaged in the provision of telephone services to end users within its local exchange network.

11.     AT&T operates as, among other things, a long distance or interexchange carrier ("IXC"), which operates by connecting calls made by end users of one local exchange carrier ("LEC") to end users of other LECs.[1]

12.     As a CLEC, Level 3 provides switched access services to IXCs like AT&T.

13.     Level 3 assesses charges each month for the switched access services it provides in connection with interstate communications pursuant to a tariff lawfully filed with the FCC, which provide the applicable rates, terms, and conditions for Level 3's interstate switched access services.

14.     AT&T has used Level 3's network to originate calls from or terminate calls to Level 3's end users, as well as to transmit calls to or from other local exchange carriers' customers.

15.     Level 3 provided switched access services to AT&T in order to connect these calls.

16.     Level 3 has sent monthly invoices to AT&T for switched access services provided in connecting those calls, assessing charges at the rate set forth in the interstate tariff.

17.     Level 3 has followed all applicable requirements in providing switched access services to AT&T and assessing charges for those services under the interstate tariff.

18.     AT&T is legally obligated to pay Level 3 for the switched access services Level 3 provided.

---

[1] Both Level 3 and AT&T operate as both IXCs and LECs. However, this Complaint focuses solely on Level 3's functions as a CLEC, and AT&T's functions as an IXC.

19.     AT&T has failed to pay a portion of the switched access charges Level 3 has assessed, withholding millions of dollars of payment on Level 3's switched access charges.

20.     AT&T's failure to pay Level 3 these charges violates the interstate tariff.

21.     In addition, the method AT&T uses to determine what to pay Level 3 and what to withhold from Level 3 is itself improper. In determining what to withhold from Level 3, AT&T uses a mechanized payment process, which automatically withholds payment from Level 3 if certain traffic ratios in Level 3's invoices are not consistent with what AT&T expected them to be.

22.     AT&T has withheld millions of dollars of payment on Level 3's switched access charges.

23.     AT&T has admitted that it knowingly withholds payment from Level 3 without a legitimate basis.

24.     AT&T violates the interstate tariff, both by failing to pay charges it is required to pay under the tariff without a legitimate basis and by failing to comply with the tariff's dispute resolution procedures, which require AT&T to identify in detail the basis for the dispute and provide a clear explanation of the basis of the dispute, including the reason why AT&T believes the bill is incorrect.

25.     On information and belief, AT&T's intention for withholding payment on legitimate charges was so it could withhold payment on these legitimate charges it should pay, claw back payment on disputes it had already raised, or withhold amounts for disputes that it would later raise.

26.     Indeed, AT&T has done exactly that before. In 2017, AT&T raised a dispute with Level 3 as to specific charges Level 3 assessed, but its mechanized withholding processes withheld

millions of dollars more than the amounts that were subject to that dispute. Instead of paying the amounts AT&T admitted it had over-withheld, AT&T applied the balance of what it acknowledged it had over-withheld to a separate dispute.

27.     AT&T has also failed to pay late payment penalties, charges, or fees required under the tariff due to its failure to pay the required switched access charges Level 3 assessed.

28.     Level 3 brought claims against AT&T in a separate proceeding pending in this Court, *AT&T Corp. v. Level 3 Communications LLC*, Case No. 1:18-cv-00112-MEH. In that action, Level 3 sought to recover payment on charges AT&T withheld pursuant to its mechanized payment process in violation of a settlement agreement between the parties. AT&T contends that at least some of the amounts its mechanized payment process withheld cannot be recovered as damages for a breach of that settlement agreement, and instead can be recovered only pursuant to a separate breach of tariff claim. Level 3 disagrees with this contention. Level 3 nevertheless brings this action as a protective measure to ensure that any charges not recoverable under the breach of contract claim in the related action are not barred by the statute of limitations for breach of tariff claims, 47 U.S.C. § 415(a).

29.     The related action was tried before Judge Raymond P. Moore on July 14 through 16, 2021, and a decision is imminent. To the extent that Court determines that the amounts AT&T withheld are compensable through the claims brought in in that lawsuit, Level 3 will not seek to recover those charges here. However, if any charges on which AT&T withheld payment are not recoverable there, Level 3 seeks to collect those withholdings here.

30.     To be clear, this lawsuit is not limited to excess amounts AT&T withheld due to its mechanized payment process. Level 3 seeks to collect all amounts AT&T has improperly withheld from Level 3 on tariffed switched access charges billed by Level 3 to AT&T.

## CAUSES OF ACTION

### Count I: Breach of Interstate Tariff

31.     Level 3 incorporates each of the preceding paragraphs as if fully stated herein.

32.     Level 3's switched access services are governed by its interstate access tariff on file with the FCC.

33.     Level 3 provided switched access services to AT&T for interstate communications pursuant to the terms and conditions of the interstate tariff.

34.     Level 3 assessed charges to AT&T for the interstate switched access services Level 3 provided, in compliance with the terms and conditions of the interstate tariff.

35.     Level 3 has performed all applicable legal obligations, including compliance with the terms and conditions of the interstate tariff.

36.     AT&T is obligated to pay the charges Level 3 assessed under the interstate tariff for the interstate switched access services Level 3 provided to AT&T.

37.     AT&T failed to pay Level 3  the full amount of the switched access charges Level 3 assessed under the tariff, withholding millions of dollars of payment from Level 3.

38.     AT&T's failure to pay these switched access charges directly and proximately caused and continues to cause Level 3 to suffer damage and loss.

39.     Level 3 is entitled to damages in an amount to be determined at trial for payment in full of all switching access charges owed by AT&T.

40.     Level 3's damages include all other amounts it is entitled to recover under the tariff, including late payment charges, interest, and attorney's fees and costs.

### Count II: Violation of 47 U.S.C. § 201(b)

41.     Level 3 incorporates each of the preceding paragraphs as if fully stated herein.

42.     47 U.S.C. § 201(b) of the Communications Act prohibits common carriers from engaging in any "unjust and unreasonable" practices.

43.     AT&T is a common carrier under the Communications Act.

44.     AT&T withheld millions of dollars in payment from Level 3 on legitimate charges, knowing that AT&T did not have a legitimate basis for withholding.

45.     As alleged above on information and belief, AT&T's intention for withholding payment on legitimate charges was so it could withhold payment on these legitimate charges it should pay, claw back payment on disputes it had already raised, or withhold amounts for disputes that it would later raise.

46.     AT&T's conduct in withholding charges it knew were legitimate constitutes "claw back", which has been held to be an unjust and unreasonable practice. *See CenturyTel of Chatham, LLC v. Sprint Communications Company, L.P.*, 861 F.3d 566 (5th Cir. 2017).

47.     Level 3 has been damaged by AT&T's refusal to pay the lawful switched access charges it assessed to AT&T, and for which AT&T withheld payment even though AT&T knew it was withholding legitimate charges.

48.     AT&T is liable to Level 3 for all amounts Level 3 charged to AT&T and which AT&T failed to pay, as well as other damages including late payment charges, interest, and attorney's fees and costs.

## Count III: Declaratory Relief

49.     Level 3 incorporates each of the preceding paragraphs as if fully stated herein.

50.     To the extent the dispute over amounts AT&T withheld through its mechanized payment process is not resolved in the related proceeding and must instead be addressed as part of this lawsuit, an actual and substantial controversy exists between the parties as to whether AT&T may use that mechanized payment process to withhold payments from Level 3 and to retain payments it withheld pursuant to that process.

51.     AT&T claims that its mechanized process works for all local exchange carriers except Level 3 because Level 3 bills competitive tandem charges and end user charges on the same billing account numbers.

52.     The controversy concerns whether AT&T can use a process that withholds amounts far in excess of legitimate disputes in payments from Level 3, and thus presents a real, immediate, and substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53.     To the extent the controversy regarding AT&T's mechanized payment process is not resolved in the related action, Level 3 is entitled to judgment under 28 U.S.C. § 2201(a) prohibiting AT&T from using the mechanized payment process to withhold payments from Level 3.

## PRAYER FOR RELIEF

54.     As relief against Defendant AT&T, Plaintiff Level 3 respectfully requests that the Court enter judgment in favor of Level 3 and against AT&T as follows:

a.  Ordering AT&T to pay Level 3 damages for AT&T's breaches of Level 3's tariff and its unjust and unreasonable practices, in an amount to be determined at trial, plus interest, late payment charges, and attorneys' fees and costs;

b.  Declaring that AT&T is forbidden from using its mechanized payment process to process payments on Level 3's access invoices because the process automatically withholds payments on legitimate charges; and,

c.  All other relief the Court may deem just and necessary.

Respectfully submitted this 3rd day of September, 2021.

By: */s/ Charles W. Steese*
Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com

*Attorneys for Plaintiff Level 3
Communications, LLC*