**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-2394-RM

LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company,

 Plaintiff,

v.

AT&T CORP., a New York Corporation

Defendant.

---

**SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

 The Parties held the Rule 26(f) conference on December 15, 2021. Counsel for the respective parties are as follows:

 **Level 3 Communications, LLC**

 Charles W. Steese
 Douglas N. Marsh
 ARMSTRONG TEASDALE LLP
 4643 South Ulster Street, Suite 800
 Denver, Colorado 80237
 Telephone: (720) 200-0676

 **AT&T Corp.**

 Rebecca B. DeCook
 Moye White LLP
 1400 16th Street, 6th Floor
 Denver, CO 80202-1027
 Telephone: (303) 292-7917

1

Michael D. Warden
Sidley Austin LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8000

## 2.  STATEMENT OF JURISDICTION

This Court has original jurisdiction over the claims in Level 3's Complaint pursuant to 28 U.S.C.

§ 1331, as the Court has jurisdiction to apply and interpret the terms of interstate tariffs filed with and under

the authority of the Federal Communications Commission.

This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the

matter is between citizens of different states and the amount in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs.  Specifically, AT&T Corp. ("AT&T")  is a New York Corporation

with its principal place of business in New York, while Level 3 is a Delaware limited liability company with

one member, Level 3 Financing, Inc., a Delaware corporation with its principal place of business in

Broomfield, Colorado.

Although this Court has subject matter jurisdiction, AT&T believes that some or all of these claims

are subject to the primary jurisdiction of the Federal Communications Commission ("FCC").

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

Level 3 is, among other things, a competitive local exchange carrier ("CLEC") and as such operates

as a common carrier engaged in the provision of telephone services to end users within its local exchange

network. AT&T operates as, among other things, a long distance or interexchange carrier ("IXC"), which

2

operates by connecting calls made by end users of one local exchange carrier ("LEC") to end users of other LECs. Level 3 provides switched access services to IXCs like AT&T, and assesses charges for the switched access services it provides in connection with interstate communications pursuant to tariffs lawfully filed with the FCC. Level 3 has provided switched access services to AT&T and assessed switched access charges to AT&T for those services, at all times complying with the terms and conditions set forth in its interstate tariff. AT&T is thus legally obligated to pay Level 3's switched access charges.

AT&T has failed to pay a portion of Level 3's switched access charges, violating Level 3's tariffs. AT&T withheld payment on legitimate charges it knew it was required to pay so it could claw back payments on disputes it had already raised or withhold amounts for disputes it would later raise, in violation of Section 201(b) of the Communications Act.

b. Defendant:

AT&T operates as a long distance (or interexchange ("IXC")) carrier and, at times, connects calls made by end users of one local exchange carrier ("LEC") to end users of other LECs, including LECs such as Level 3.  Level 3 has, at times, provided certain switched access services to AT&T for calls originating from or terminating to end users, and generally has assessed charges for those services to AT&T on a monthly basis. AT&T denies that all of Level 3's access charges were properly billed pursuant to Level 3's federal interstate tariff filed with the FCC or the governing regulations issued by the FCC.  AT&T denies that it has violated Level 3's tariff, the Federal Communications Act, 47 U.S.C. § 151 et. seq., or any other law.  AT&T further denies that Level 3 is entitled to any relief in this action.

With respect to additional defenses, AT&T asserts that Level 3's claims are barred, in whole or in part, because the Court lacks personal jurisdiction over AT&T with respect to Level 3's claims for

originating switched access telephone charges for calls that do not originate from Colorado and terminating switched access charges for calls that do not terminate in Colorado. The Complaint fails to state a claim or cause of action upon which relief can be granted. Level 3's claims are untimely, including pursuant to the two-year statute of limitations in Section 415 of the Communications Act. Level 3's claims are subject, in whole or in part, to the primary jurisdiction doctrine and primary jurisdiction resides with the FCC. The charges that Level 3 seeks to collect in this action were, in whole or in part, billed in violation of laws, regulations, orders and precedents governing switched access charges and were therefore unjust and unreasonable and were not required to be paid. Level 3's claims also are barred pursuant to the doctrines of res judicata, collateral estoppel, compulsory counterclaims or any similar doctrine because they should have been asserted in *AT&T Corp. v. Level 3 Communications LLC*, Case No. 1:18-cv-00112-MEH; Level 3's failure and refusal to adjust its own mechanized billing system in the manner requested AT&T, which failure and refusal was unjust and unreasonable; and Level 3's failure and refusal to mitigate its purported damages by adjusting its own mechanized billing system in the manner requested by AT&T, which failure and refusal was unjust and unreasonable.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

AT&T operates as a long distance (or interexchange ("IXC")) carrier and, at times, connects calls made by end users of one local exchange carrier ("LEC") to end users of other LECs, including LECs such as Level 3.

Level 3 has, at times, provided certain switched access services to AT&T for calls originating from or terminating to end users, and generally has assessed charges for those

services to AT&T on a monthly basis.

### 5.  COMPUTATION OF DAMAGES

Level 3's damages consist of charges AT&T improperly withheld, together with late payment charges and other applicable interest. Because the late payment charges continue to accrue, Level 3's damages defy definite calculation at this stage. Level 3 will supplement its disclosures to identify all charges unlawfully withheld and amounts owed and due. Level 3 nevertheless anticipates that the amount of its damages to be proven at trial is in excess of $4 million.

AT&T denies that Level 3 is entitled to damages and will respond to any appropriate damages calculations during the course of discovery.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  *Date of Rule 26(f) meeting:*

The parties held their Rule 26(f) conference on December 15, 2021.

b.  *Names of each participant and party he/she represented:*

Counsel for the respective parties in attendance at the Rule 26(f) conference are as follows:

**Level 3:** Douglas N. Marsh

**AT&T:** Michael Warden, Michael Hunseder, Alex Sirio

c.  *Statement as to when Rule 26(a)(1) disclosures were made or will be made.*

The parties exchanged Rule 26(a)(1) disclosures on December 29, 2021.

d.  *Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).*

None.

5

    *e.   Statement concerning any agreements to conduct informal discovery:*

The parties have agreed to conduct all discovery through the processes set forth in the Federal Rules of Civil Procedure.

    *f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.*

The parties have agreed to use discovery exchanged in connection with earlier litigation between them, and further agree to cooperate and coordinate to reduce costs of litigation where possible.

    *g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.*

The parties anticipate that litigation of their claims will involve extensive electronically stored information.  In previous litigation, the parties agreed to a protocol for discovery of electronically stored information and agree to use this same protocol in this action.

    *h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.*

As required under Fed. R. Civ. P. 26(f)(2), the parties discussed the possibilities for prompt settlement or resolution of the case by alternate dispute resolution. The parties are actively discussing settlement proposals and will continue to do so in hopes of reaching a prompt resolution.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

    *a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.*

The parties agree to limit the number of interrogatories to fifteen per side. The parties anticipate that

the number of depositions allowed under Rule 30 will be sufficient.

        *b.*     *Limitations which any party proposes on the length of depositions.*

The parties anticipate that the customary length of depositions provided under Rule 30 will be sufficient.

        *c.*     *Limitations which any party proposes on the number of requests for production and/or requests for admission.*

The parties agree to limit the number of requests for production to fifteen per side. The parties also agree to limit the number of requests for admission to fifteen per side, excluding requests for admission that are submitted for purposes of authenticating documents or exhibits.

        *d.*     *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:*

The parties anticipate that the customary thirty-day period for responding to discovery requests will generally be sufficient, and agree to cooperate and agree to reasonable extensions of time where necessary.

        *e.*     *Other Planning or Discovery Orders*

The parties agree that they will cooperate to submit a proposed protective order substantially similar to protective orders they have filed in previous litigation, and to use discovery exchanged under the previous protective orders subject to similar protection.

## 9.  CASE PLAN AND SCHEDULE

        *a.*     *Deadline for Joinder of Parties and Amendment of Pleadings:*

The deadline to join parties or amend the pleadings is January 19, 2022.

        *b.*     *Discovery Cut-off:*

All discovery shall be completed by October 21, 2022.

   *c.     Dispositive Motion Deadline:*

Dispositive motions shall be filed by November 16, 2022.

   *d.     Expert Witness Disclosure:*

       *1.     The parties shall identify anticipated fields of expert testimony, if any.*

Level 3 anticipates providing an expert on damages calculations. Level 3 may also provide a technical expert.

AT&T anticipates providing an expert on damages calculations.  AT&T may also provide a technical expert.

       *2.     Limitations which the parties propose on the use or number of expert witnesses.*

The parties propose that they be limited to no more than two experts per side.

       *3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:*

August 24, 2022.

       *4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:*

September 22, 2022.

   *e.     Identification of Persons to Be Deposed:*

Level 3 anticipates taking the deposition of AT&T's corporate representative, which deposition will likely be completed within seven hours. Level 3 also anticipates taking the deposition of AT&T employee Alison Miller, which deposition will likewise likely be completed within seven hours.

AT&T anticipates taking the deposition of Level 3's corporate representative, which deposition will likely be completed with seven hours. AT&T also anticipates taking the deposition of Level 3 employees, including, but not limited to, Jennifer Torres and Melissa Kellow, which depositions will likewise be completed within seven hours.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.   Status conferences will be held in this case at the following dates and times:

_____.

b.   A final pretrial conference will be held in this case on _____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

*a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.*

*b.   Anticipated length of trial and whether trial is to the court or jury.*

The parties anticipate a three-day trial before the Court.

*c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.*

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____day of _____, 2022.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Charles W. Steese*
Charles W. Steese
Douglas N. Marsh
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
(720) 200-0676
csteese@atllp.com
dmarsh@atllp.com

*Attorneys for Plaintiff Level 3*
*Communications, LLC*

*/s/ Michael D. Warden*
Michael D. Warden
Sidley Austin, LLP
1501 K Street, NW
Washington, D.C. 20005
(202) 736-8000
mwarden@sidley.com

Rebecca B. DeCook
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202

10

(303) 292-2900
becky.decook@moyewhite.com

*Attorneys for Defendant AT&T Corp.*